UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENMORE POOLE,
    Petitioner,

v.                                             Case No. 8:20-cv-1983-KKM-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Glenmoore Poole, a Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction based on alleged errors of the trial court and alleged failures of his trial and appellate counsel. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 12), and Poole's reply, (Doc. 13), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Poole is also not entitled to a certificate of appealability.

### I. BACKGROUND

A state court jury convicted Poole of unlawful sexual activity with a minor. (Doc. 12-2, Ex. 2.) The state trial court sentenced him to 15 years in prison. (*Id.*, Ex. 3.) The state appellate court per curiam affirmed the conviction and sentence. (*Id.*, Ex. 6.) The state appellate court also per curiam affirmed the denial of Poole's motion for

1

postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Exs. 7, 8 & 11.) Poole's petition alleging ineffective assistance of appellate counsel, filed under Florida Rule of Appellate Procedure 9.141(d), was dismissed as untimely. (*Id.*, Exs. 14 & 15.)

## II. ANALYSIS

### A. The Petition's Untimeliness Under § 2244(d)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court per curiam affirmed Poole's conviction and sentence on October 20, 2017. (Doc. 12-2, Ex. 6.) His judgment became final 90 days later, on January 18, 2018, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 273 days of untolled time elapsed, on October 19, 2018, Poole filed a postconviction motion under Rule 3.850. (Doc. 12-2, Ex. 7, p. 39.) The motion remained pending until the state

2

appellate court's mandate issued on April 17, 2020. (Doc. 12-2, Ex. 12.) Poole had 92 days remaining on his AEDPA limitation period, meaning that he had until July 20, 2020, absent statutory tolling attributable to a properly filed collateral motion in state court, to file his § 2254 petition.[1]

Before this date, on June 19, 2020, Poole filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d). (Doc. 12-2, Ex. 14.) The state court rejected the petition as untimely. (Doc. 12-2, Ex. 15.) Therefore, the petition was not "properly filed" and did not toll the AEDPA limitation period. The Supreme Court has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). In other words, "[w]hen a postconviction petition is untimely under state law, 'that

---

[1] The ninety-second day was Saturday, July 18, 2020. Therefore, Poole had until Monday, July 20, 2020, to file his § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

3

[is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

Poole did not file any other tolling applications. Therefore, the AEDPA limitation period ran untolled from April 17, 2020, when the mandate issued affirming the denial of Poole's postconviction motion, until its expiration on July 20, 2020. Poole's § 2254 petition, filed on August 19, 2020, is untimely under § 2254(d).

Poole appears to contend that his petition is timely under § 2244(d) because the state appellate court incorrectly dismissed his state petition alleging ineffective assistance of appellate counsel as time-barred. But as addressed, when a state court determines that a motion is untimely, that determination is "the end of the matter" for purposes of timeliness under § 2244(d). *See Pace*, 544 U.S. at 414; *see also Jones*, 906 F.3d at 1350 ("[T]he state court ruled that the [state postconviction] motion was untimely, and we are required to defer to that ruling. . . . That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations.").

Poole also appears to argue that his petition is timely under § 2244(d) because weekends and legal holidays toll the AEDPA limitation period. Poole is incorrect. When a period is stated in days or a longer unit of time, every day, "including intermediate Saturdays, Sundays, and legal holidays," is counted when calculating time. Fed. R. Civ. P. 6(a)(1)(B). Poole's petition is untimely under § 2254(d).

4

## B. Equitable Tolling

Poole argues that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*,

633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

In his reply, Poole contends that he is entitled to equitable tolling for "days of continuous work prescription days for Orthodox Jews and Jewish Holidays." (Doc. 13, p. 1.) But Poole does not elaborate on this assertion and fails to demonstrate any extraordinary circumstance that caused the untimely filing of his § 2254 petition. Poole also makes a conclusory statement that he was prevented from timely filing his state petition alleging ineffective assistance of appellate counsel. But to show entitlement to equitable tolling, Poole must show that he was prevented from timely filing his § 2254 petition, not a state court petition. He does not make this showing.

Finally, Poole asserts in his reply that he "suffers from mental retardation" and requests appointment of counsel. (*Id.*, p. 4.) Poole's unsupported and unexplained allegation about his mental condition does not establish entitlement to equitable tolling.[2] Poole's request for appointment of counsel is denied, as he has not shown that appointed counsel is warranted. *See McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994) ("In federal habeas proceedings, appointment of counsel prior to an evidentiary hearing is necessary only when due process or the 'interests of justice' require it.").

---

[2] Poole does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

III. **CERTIFICATE OF APPEALABILITY**

Poole is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Poole must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Poole cannot satisfy the second prong of the *Slack* test. As Poole is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Poole's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Poole and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 31, 2023.

Kathryn Kimball Mizelle
United States District Judge